**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOEL RAMIREZ, | Civil Action No. 07-2500 (MLC) |
| Petitioner, | **O P I N I O N** |
| v. | |
| KATHRYN MCFARLAND, et al., | |
| Respondents. | |

**APPEARANCES**:

Yoel Ramirez, Pro Se, #490733/ SBI #159741C
South Woods State Prison, Bridgeton, NJ

**COOPER, District Judge**

Petitioner applies for habeas corpus relief, pursuant to 28 U.S.C. § 2254.[1]  The Court will dismiss this petition because Petitioner has failed to exhaust all available state remedies, as is required under 28 U.S.C. § 2254(b)(1)(A).

**BACKGROUND**

Petitioner is a state prisoner confined at the South Woods State Prison, Bridgeton, New Jersey.  On October 2, 2002, he was convicted of drug and weapons charges, and sentenced to 15 years incarceration, with a five-year, ten-month term of parole ineligibility.

Petitioner states that he appealed from his conviction to the New Jersey Appellate Division, which affirmed the trial court on

---

[1] Petitioner has also filed an application to proceed in forma pauperis.  Based on Petitioner's affidavit of indigence, the Court will grant his application.

April 1, 2004.  He states that he filed a petition with the New Jersey Supreme Court, which is pending.  He does not state whether he moved for post-conviction relief ("PCR") in state court.

Petitioner's habeas petition raises a challenge to his search and seizure, a challenge to the procedures utilized during his arrest, a challenge to the effectiveness of counsel, and an allegation of prosecutorial misconduct.  Petitioner does not state any supporting facts for his ineffective assistance of counsel or prosecutorial misconduct claims in his petition.

## DISCUSSION

**A.   Pro Se Pleading**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

**B.   Exhaustion Analysis**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); see

Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding precedent and statutes "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [the] unexhausted claims to the [state's] courts").[2]  The state courts must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Ct. of Com. Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

A petitioner must exhaust state remedies by presenting the federal constitutional claims to each level of the state courts

---

[2]  Exhaustion of remedies has been required for more than a century.  See Ex parte Royall, 117 U.S. 241 (1886).  In 1948, the exhaustion doctrine was codified at 28 U.S.C. § 2254, see Rose, 455 U.S. at 516-18, and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act.

3

empowered to hear those claims, either on direct appeal or in post-conviction proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.

    The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson, 987 F.2d at 987.  Thus, the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  See Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  See id. at 277.  Where any available procedure remains for the applicant to raise the question presented in the state courts, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).

The petition here, on its face, shows that Petitioner has failed to exhaust state court remedies as to the challenged state court conviction.  He admits that he filed an appeal dealing with the search and seizure issues, which is pending in the New Jersey Supreme Court.  There is no indication that Petitioner has filed a PCR motion in state court.  There is no indication that his ineffective assistance of counsel and prosecutorial misconduct claims have been raised on any level of the state courts.  Thus, based on Petitioner's own admissions in his application, it appears that none of the claims he now presents have been either raised or fairly presented for state court review.  Therefore, Petitioner has failed to exhaust.

Petitioner also has not shown that there is an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  Petitioner is not prohibited from exhausting his claims in state court.[3]

The Court will dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

---

[3] According to New Jersey Court Rule 3:22-12, Petitioner has five years from the entry of the judgment of conviction to file a PCR motion.  Thus, as Petitioner was sentenced in October of 2002, Petitioner is within the time limitations to file a timely PCR motion in the state trial court.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

**CONCLUSION**

This Court finds that Petitioner has failed to exhaust his available state court remedies.  The Court will dismiss the § 2254 habeas petition without prejudice.  No certificate of appealability shall issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2).

The Court will issue an appropriate order and judgment.

　　　　　　　　　　　　　　　　　　　s/ Mary L. Cooper　　　　
　　　　　　　　　　　　　　　　**MARY L. COOPER**
　　　　　　　　　　　　　　　　United States District Judge